F. G. Alford *et al.* v. The Buford & George Implement Company.

No. 191.

Pleading and Practice — *Compulsory Reference.* The issues raised by the pleadings in this case do not come within the provisions of section 292 of the code, authorizing a compulsory reference.

Error from Pratt district court; W. O. Bashore, judge. Opinion filed June 20, 1898. Reversed.

*Alford & Alford*, for plaintiffs in error.

*Thompson & Apt*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: The Buford & George Implement Company, a corporation, brought an action in the district court of Pratt county to recover from F. G. Alford and others upon several promissory notes.

The answer of the defendants alleged : (1) An unverified general and special denial ; (2) that they had delivered to the plaintiff certain notes as collateral security to the indebtedness set forth in its petition, a portion of which said notes were collected by plaintiff, and that it had not used due diligence in collecting the remainder ; (3) an indebtedness of $144.80 upon an open account ; (4) damages to the amount of $250 for breach of contract ; and, (5) an indebtedness of $50 for commission.

The reply alleged :  (1) That a portion of the notes mentioned in the answer were given as collateral security for other notes than those sued on in this action and that they were indorsed by the defendants to plaintiff and immediately reindorsed to defendants for collection ; that a portion thereof were collected by the defendants and paid to the plaintiff, but that they refused to turn over the other notes or the proceeds thereof ; (2) that others of said notes are not listed correctly and are duplicated and set up several times ; (3) an offer to return the remaining collateral notes upon the payment to plaintiff of the amount due it from defendants ; and, (4) a general denial of all the allegations of the answer not admitted or specially pleaded to.

The court ordered a reference, over the objection of the defendants below, and the report of the referee and the judgment were against them, and they bring the case here for review.

The only question necessary to decide is whether the court erred in submitting the case to a referee instead of a jury.

The plaintiffs in error were entitled to a trial by a jury under section 266 of the code. The issues raised by the pleadings in this case do not come within the provisions of section 292 of the code authorizing a compulsory reference.

The judgment of the district court is reversed, and the cause remanded for a jury trial.